OPINION OF THE COURT
John W. Grow, J.
Petitioner seeks a judgment vacating an appropriation, by respondent State of New York, of certain real property in the Town of New Hartford, New York (Town).
The underlying facts are not in contention. Petitioner ac *721 quired from the New York, Susquehanna and Western Railroad Corporation (Railroad) an old railroad right-of-way located in the Town which apparently adjoins commercial property of petitioner. The right-of-way is some 1.93 acres. Petitioner alleges the right-of-way is necessary for the development of its adjoining property. The Railroad, pursuant to the contract of sale, obligated itself to furnish petitioner with a quitclaim deed, without warranties. It appears from a February 8, 1990 letter from petitioner’s counsel to respondents that petitioner was well aware of respondents’ preemptive right, pursuant to section 18 of the Transportation Law, to acquire the right-of-way. Respondents timely exercised the section 18 preferential right to acquire the 1.93 acres.
Petitioner then instituted this action to vacate respondents’ actions for failing to comply with the public hearing provisions of EDPL article 2, namely, that the condemnor specify the taking is necessary for an identified public purpose.
Respondents concede noncompliance with EDPL article 2 provisions but submit Transportation Law § 18 acquisitions are not subject to EDPL article 2, and that section 18 acquisitions are in fact acquisitions for public purposes. Respondents seek dismissal of petitioner’s action.
EDPL article 1, § 101 provides in pertinent part: "It is the purpose of this law to provide the exclusive procedure by which property shall be acquired by exercise of the power of eminent domain in New York state; to assure that just compensation shall be paid * * * to establish opportunity for public participation in the planning of public projects necessitating the exercise of eminent domain; to give due regard to the need to acquire property for public use as well as the legitimate interests of private property owners”. EDPL article 2 provides for the determination of the need and location of a public project prior to acquisition.
Section 18 (1) of the Transportation Law refers to acquisitions of property for "future” transportation purposes and rests in the Commissioner of Transportation the discretion to determine when it is in the "best interests of the state to acquire such property”.
This court is called upon to determine whether respondents must comply with the public hearing and public use requirements of the EDPL as a condition precedent to exercising their authority to acquire the right-of-way in question.
Section 18 was enacted in 1971 and is entitled "Acquisition *722 of abandoned railroad transportation property”. The section provides that "[notwithstanding the provisions of any general, special or local law to the contrary, the commissioner shall have a preferential right to acquire, for and in behalf of the people of the state of New York, for use in the future for transportation purposes * * * any property * * * which has been abandoned for railroad transportation purposes” (Transportation Law § 18 [1]; emphasis added). It further states that it is for the Commissioner to determine whether or not "it is in the best interests of the state to acquire such property for use in the future for transportation purposes.” The section then sets forth the technical procedures to acquire the abandoned railroad property.
Petitioner does not challenge respondents’ compliance with section 18 except to argue EDPL article 2 is applicable because of the reference in Transportation Law § 18 (1) that "Acquisition of property pursuant to this section shall be in the manner provided by section thirty of the highway law.” Section 30 (2) of the Highway Law provides land acquisitions are subject to the EDPL. The legislative grant of authority pursuant to Transportation Law § 18, however, renders any public hearing requirement referred to in Highway Law § 30 unnecessary. Section 18 evinces a clear legislative intent that a specific present use need not be stated by the Commissioner.
In the Governor’s memorandum accompanying the approval of the 1973 amendment to section 18 it is stated "Because of the imminent threat of large scale railroad abandonments in New York State, failure to act at this time to broaden the preferences for public uses of abandoned railroad properties could cause the loss to public uses of valuable rights-of-way. This bill would achieve that objective and should therefore be approved.” (Mem of then Governor Rockefeller, dated June 23, 1973, 1973 McKinney’s Session Laws of NY, at 2360.)
The purpose of the legislation is to assist in minimizing the amount of developed land which may be necessary to be acquired for transportation purposes and prevent private development in existing railroad rights-of-way which are needed for other transportation purposes. The legislation vests in the Commissioner of Transportation, on behalf of the people of the State, the preferential right to acquire such property for use in the future for transportation purposes. It is important to be noted that the legislation provides fair market value will be paid for the acquisition.
*723 While the Commissioner need not define the explicit public use and/or the exact land needed for that use, the legislation does require that the public purpose must be for future transportation needs pursuant to the Transportation Law, Highway Law, or Canal Law. Further, section 18 is not violative of article I, § 7 of the NY Constitution, namely, that private property can be appropriated under the power of eminent domain only for a public purpose. To require enunciation in advance of the exact public purpose would frustrate the intent of section 18 and impede the orderly development of public transportation in this State. There is a compelling State interest in the provisions of this statute, and such statutes should be interpreted to avoid unreasonable results whenever possible. (See, American Tobacco Co. v Patterson, 456 US 63, 71 [1982].)
The petition is dismissed.